CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 06 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RAY WASHINGTON, JR., Petitioner, | Civil Action No. 7:06CV00116 |
| v. | **MEMORANDUM OPINION** |
| TERRY O'BRIEN, Respondent. | By: Hon. Jackson L. Kiser Senior United States District Judge |

The petitioner, Ray Washington, Jr., a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Washington has failed to demonstrate entitlement to relief under § 2241. Accordingly, Washington's petition must be dismissed.

Washington is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 2002, the United States District Court for the Eastern District of Virginia sentenced Washington to a total term of imprisonment of 188 months for two counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). On June 3, 2004, Washington filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion was denied by the district court on June 9, 2005. Washington subsequently appealed the decision to the United States Court of Appeals for the Fourth Circuit. On December 13, 2005, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.

In his present petition, Washington asserts that his convictions for violating § 922(g) are invalid, because he was not a convicted felon at the time he purchased the firearms, and since he was not an "ineligible purchaser." However, an inmate may not challenge the validity of his convictions or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381, 51 L. Ed.

2d 411 (1977). The Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Washington's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Washington has not pointed to any change in the substantive law associated with his convictions, and a review of current federal law shows that the conduct for which Washington is currently incarcerated continues to constitute a criminal offense. See 18 U.S.C. § 922(g). Accordingly, Washington's § 2241 petition must be dismissed.*

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 6th day of March, 2006.

Senior United States District Judge

---

\* The petitioner is advised that if he wishes to file a second § 2255 motion in the Eastern District of Virginia, he must first receive pre-filing authorization from the Fourth Circuit. See 28 U.S.C. § 2255, ¶8.

2