```
CLERK'S OFFICE U.S. DIST COURT
       AT ROANOKE, VA
            FILED
        MAR 29 2006
    JOHN F CORCORAN, CLERK
BY
        DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAY WASHINGTON, JR., ) | |
|     Petitioner, ) | Civil Action No. 7:06CV00116 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, ) | By: Hon. Jackson L. Kiser |
|     Respondent. ) | Senior United States District Judge |

The petitioner, Ray Washington, Jr., filed this action as petition for writ of habeas corpus under 28 U.S.C. § 2241. By opinion and order entered March 6, 2006, the petition was dismissed. The court concluded that Washington could not proceed under § 2241, because his claims did not meet the standard set forth in In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Washington has now filed a motion to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the court will grant Washington's motion.

## Background

Washington is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 2002, the United States District Court for the Eastern District of Virginia sentenced Washington to a total term of imprisonment of 188 months for two counts of possessing a firearm after having been convicted of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1). On June 3, 2004, Washington filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion was denied by the district court on June 9, 2005. Washington subsequently appealed the decision to the United States Court of Appeals for the Fourth Circuit. On December 13, 2005, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.

Washington filed the instant § 2241 petition on February 23, 2006. Washington alleged that his convictions for violating § 922(g)(1) were invalid, because he was not a "convicted felon" or a

"prohibited person" at the time he possessed the firearms. Because an inmate may not challenge the validity of his convictions in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention," Swain v. Pressley, 430 U.S. 372, 381 (1977), the court evaluated Washington's petition in light of the standard set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000).[1] Since Washington did not point to any changes in the substantive law associated with his convictions, the court concluded that he could not proceed under § 2241.

## Discussion

Washington has now filed a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In his present motion, Washington argues that the court's judgment must be altered to

---

[1] In this case, the United States Court of Appeals for the Fourth Circuit held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-334.

prevent manifest injustice. Washington directs the court's attention to a change in the law associated with his convictions. Washington's convictions for violating § 922(g)(1) were apparently based on a prior juvenile adjudication. In <u>United States v. Walters</u>, 359 F.3d 340 (4th Cir. 2004), which was decided approximately two years after Washington's convictions became final, the Fourth Circuit held that prior juvenile adjudications cannot serve as predicate convictions for purposes of § 922(g)(1). <u>See</u> <u>Walters</u>, 359 F.3d at 346. Court records from the Eastern District reveal that Washington relied on the <u>Walters</u> decision when he filed his first § 2255 motion. However, Washington's motion was dismissed for procedural reasons. <u>See</u> <u>Washington v. United States</u>, 4:01CR00097 (E.D. Va. June 9, 2005).

Because it appears that Washington may be entitled to proceed under § 2241, the court will grant Washington's motion to alter or amend judgment. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 29TH day of March, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge