CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 22 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| RAY WASHINGTON, JR., <br> Petitioner, | Case No. 7:06CV00116 |
| v. | **MEMORANDUM OPINION** |
| TERRY O'BRIEN, <br> Respondent. | By: Jackson L. Kiser <br> Senior United States District Judge |

Before me now is the Respondent's Motion to Dismiss. For the reasons stated herein, I will **GRANT** the Respondent's Motion to Dismiss. The case will be **DISMISSED** from the docket of the Court.

## I. STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND

The Petitioner, Ray Washington, Jr. ("Washington"), pled guilty to two counts of a forty-six count indictment on November 1, 2001 in the United States District Court for the Eastern District of Virginia, Newport News Division. Washington pled guilty to two violations of 18 U.S.C.A. § 922(g)(1), which criminalizes possession of a firearm by a convicted felon. His prior felony conviction was a 1991 juvenile conviction in Virginia for unauthorized use of a motor vehicle. After accepting his guilty plea, the District Court sentenced Washington to 188 months

1

in prison on March 11, 2002. Washington did not seek to appeal the court's decision but did file a motion for relief pursuant to 28 U.S.C.A. § 2255 on June 3, 2004. Washington urged the court to overturn his conviction in light of *United States v. Walters*, 359 F.3d 340, 346 (4th Cir. 2004) in which the Fourth Circuit determined that a juvenile conviction could not serve as a prior felony conviction for purposes of 18 U.S.C.A. § 922(g)(1). The court denied Washington's motion on procedural grounds. The Fourth Circuit upheld the decision.

On February 23, 2006, Washington filed a petition for habeas corpus pursuant to 28 U.S.C.A. § 2241 in this court. On March 6, 2006, I initially dismissed Washington's § 2241 petition because Washington had not pointed to any substantive change in the law associated with his convictions, one of the prerequisites to filing a § 2241 petition to challenge a conviction in the Fourth Circuit. *In re Jones*, 226 F.3d 328, 333–334 (4th Cir. 2000). On March 10, 2006, Washington filed a Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. In that motion, he drew my attention to *Walters*, and in light of that case, I granted his motion and allowed his claim to proceed. Subsequently, on June 21, 2006, the Respondent, Terry O'Brien ("O'Brien") filed this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) on the grounds that I lacked subject matter jurisdiction to hear the case. Washington filed a response on July 6, 2006. O'Brien filed a reply on July 24, and Washington filed a sur reply on August 1. Consequently, the issue has been fully briefed and is now ripe for decision.

## II.  LEGAL STANDARD

A defendant may present a motion to dismiss for lack of subject matter jurisdiction in two different ways. *U.S. v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697

2

F.2d 1213, 1219 (4th Cir. 1982). First, the defendant may argue that the plaintiff's complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. If the defendant chooses this route, the facts alleged in the complaint are taken as true. *Id.* Alternatively, the defendant may argue "that the jurisdictional allegations of the complaint were not true." *Id.* When this is the case, the trial court "may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.* In the present case, O'Brien argues that I should interpret his motion to dismiss as a challenge to the facts upon which Washington bases his claim for jurisdiction. I disagree. The parties do not appear to seriously dispute the underlying procedural facts to this case upon which O'Brien bases his motion to dismiss for lack of subject matter jurisdiction. Thus, I will consider the facts as alleged in Washington's petition to decide if I may properly exercise jurisdiction in this case.

## III. **DISCUSSION**

A petitioner seeking to challenge the validity of his underlying conviction may only petition for a writ of habeas corpus under § 2241 when it appears that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention."[1] 28 U.S.C.A. § 2255 (2006). The Fourth Circuit has held that

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1)

---

[1] A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the appropriate manner in which to mount a challenge to a habeas petitioner's failure to establish that the remedy afforded under § 2255 "is inadequate or ineffective." *See Milnes v. Samples*, No. 88-7584, 1988 WL 105445, at *3 (4th Cir. Sept. 22, 1988) (finding that because the petitioner had "not shown that § 2255 is an inadequate or ineffective vehicle for obtaining the review he seeks . . . [t]he district court's dismissal of this § 2241 petition for lack of jurisdiction was proper").

3

at the time of conviction, settled law of this circuit or the Supreme Court
established the legality of the conviction; (2) subsequent to the prisoner's direct
appeal and first § 2255 motion, the substantive law changed such that the conduct
of which the prisoner was convicted is deemed not to be criminal; and (3) the
prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule
is not one of constitutional law.

*Jones*, 226 F.3d at 333–334. Washington's challenge to his conviction plainly fails to satisfy the first and second components of the *Jones* test.

First, Washington cannot meet the second prong of the test because the law has not changed subsequent to his first § 2255 motion. As discussed above, he relies on the Fourth Circuit's opinion in *Walters* to show that the substantive law has changed in his case. The court decided *Walters* on February 20, 2004. *Walters*, 359 F.3d at 340. Washington filed his § 2255 motion on June 3, 2004. Indeed, the court even discussed the *Walters* opinion in denying Washington's § 2255 motion. Therefore, he cannot satisfy the second prong of the *Jones* test because the change in substantive law upon which he relies occurred before he filed his § 2255 motion.

Second, settled law of the circuit did not establish the legality of Washington's conviction at the time he pled guilty. Shortly after his conviction, several district courts in the Eastern District of Virginia reached opposite conclusions over whether adjudications of delinquency in Virginia were a sufficient predicate felony conviction under 18 U.S.C.A. § 922(g)(1). *Compare United States v. Davis*, 234 F. Supp. 2d 601, 606 (E.D. Va. 2002) (concluding that previous delinquent adjudications under Virginia law were not predicate convictions under § 922(g)(1)); *United States v. Walters*, 225 F. Supp. 2d 684, 685–87 (E.D. Va. 2002) (same) *with United States v. Crudup*, 225 F. Supp. 2d 688, 691–92 (E.D. Va. 2002) (reaching the opposite conclusion).

4

The law surrounding Washington's guilt under 18 U.S.C.A. § 922(g)(1) was hardly settled at the time of his conviction. As a result, he also cannot show that he has met the requirements of the first prong of *Jones*. Consequently, I will grant the government's motion to dismiss Washington's habeas petition.

While this result may appear rigid or formulistic at first glance, on closer study it is in keeping with the rationale behind *Jones*. In *Jones*, the Fourth Circuit reviewed the purpose behind § 2255. Congress enacted that section to redress a number of practical problems that arose from inmates filing petitions for habeas corpus pursuant to § 2241. *Jones*, 226 F.3d at 332. Under § 2241(a), a prisoner seeking habeas relief had to file the petition in the district in which he or she was imprisoned. *Id.* As a result, many petitioners filed their habeas claims in a district court that was far away from the district which had originally convicted the prisoner. *Id.* The habeas court frequently faced difficulties in obtaining the evidence and records from the original trial court, and relevant witness often lived far from the site of the habeas proceeding. *Id.* Moreover, certain districts, which hosted the larger federal prisons, reviewed a disproportionate number of habeas claims. *Id.* To remedy these problems, Congress required an inmate to seek relief under § 2255 in the court which originally sentenced the inmate instead of under § 2241 in the district where the inmate was confined. *Id.* Thus, the purpose of § 2255 was not to limit an inmate's right to habeas review but merely to increase efficiency in reviewing those claims. *Id.*

Of course, § 2255 also contained the language at issue in this case that allows a prisoner to file a petition for habeas corpus under § 2241 when the remedy afforded under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255. The purpose behind this clause, sometimes called the "savings clause," remains something of a mystery.

5

*Wofford v. Scott*, 177 F.3d 1236, 1241 (11th Cir. 1999) ("Unfortunately, we have found nothing in the legislative history explaining why the relevant language was changed or what the new language means."); *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) (finding that "the legislative history is uninformative").[2] Nonetheless, if the savings clause applied to every instance in which a prisoner could not obtain relief under § 2255, then the gatekeeping provisions in that section would have no meaning. *Jones*, 226 F.3d at 333. On the other hand, the safety clause must apply in some cases, otherwise it would be superfluous. *Id.*

To navigate between these two extremes, the Fourth Circuit adopted the test in *Jones* to specify when an inmate may resort to § 2241. While the Fourth Circuit did not specifically set forth its rationale for adopting the enumerated factors in *Jones*, it did cite to a number of cases that provide a compelling rationale for its decision. *Id.* at 332–33. The court explicitly stated that it agreed with the rationale behind those holdings. *Id.* In *Davenport*, cited in *Jones*, Judge Posner of the Seventh Circuit considered the purpose of the safety clause.

> To decide what 'adequacy' means (or, more realistically, what it should mean) in this context requires determining what the essential function of habeas corpus is and whether it is impaired in the circumstances before us by the limitations on the use of the remedy provided in section 2255. The essential function is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.

*Davenport*, 147 F.3d at 609. The court concluded, "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been

---

[2] Judge Posner speculated that Congress may have included the "escape hatch" in § 2255 to avoid violating the Constitution by suspending or eliminating the writ of habeas corpus. *Davenport*, 147 F.3d at 609; U.S. CONST. art. 1, § 9, cl. 2.

6

Case 7:06-cv-00116-JLK-mfu Document 16 Filed 02/22/07 Page 6 of 8 Pageid#: 111

imprisoned for a nonexistent offense." *Id.* at 611. Consequently, the court allowed a prisoner to bring a habeas claim under § 2241 when settled case law in the circuit established the validity of his conviction and did not change until after the prisoner filed a § 2255 motion. *Id.* In that circumstance, the court determined that § 2255 was inadequate because the petitioner had never received a viable opportunity to challenge his sentence under the new law. *Id.*

In light of this reasoning, the rationales behind the elements of the *Jones* at issue in this case are apparent. Under the first prong, the law establishing the conviction must be settled to effectively render challenging that law futile. Otherwise, the defendant would have had an opportunity to bring the claim at trial. Likewise, the change in law must occur subsequent to the petitioner's first § 2255 motion. Otherwise, that motion would have been a sufficient opportunity to challenge the conviction. Washington clearly had multiple opportunities to contest the validity of his conviction under § 922(g)(1). Settled law in the circuit did not foreclose this challenge at the time of his initial sentence. Indeed, other defendants in the same district that year successfully challenged such charges in their indictments on identical grounds. Likewise, Washington could have brought this claim on appeal and did in fact bring this claim in his § 2255 motion. Because Washington had multiple opportunities to challenge his conviction prior to filing his § 2241 motion, dismissing that motion under the *Jones* test is appropriate.[3]

Washington contends that *Jones* conflicts with the United States Supreme Court's recent opinions in *Dretke v. Haley*, 541 U.S. 386 (2004) and *House v. Bell*, 126 S. Ct. 2064 (2006). Both of these decisions concern a habeas petitioner's attempt to use the actual innocence

---

[3]Because I find that Washington cannot satisfy the *Jones* test, I need not consider the government's contention that the doctrine of collateral estoppel bars his § 2241 claim.

7

exception to escape procedural default. *Bell*, 126 S.Ct. At 2069; *Haley*, 541 U.S. at 393–94. While these cases might have been relevant to his earlier § 2255 petition, they do not apply to the issue presently before me: whether Washington may utilize the safety clause in § 2255 to bring his § 2241 claim. Therefore, I do not find that either opinion advances Washington's argument. Washington also alleges that 28 U.S.C.A. § § 2244(b)(2)(B)(ii) and 2254(e)(2) are applicable to his case. Those provisions only apply to prisoners "in custody pursuant to the judgment of a State court." 28 U.S.C.A. § § 2244(b)(2)(B)(ii), 2254(e) (2006). Washington seeks to challenge a federal sentence. Consequently, those provisions do not apply to this case.

## IV. CONCLUSION

For the reasons stated above, I will **GRANT** the Respondent's Motion to Dismiss Washington's § 2241 petition for a writ of habeas corpus.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The case will be **DISMISSED** from the docket of the Court.

ENTERED this 22nd day of February, 2007.

Senior United States District Judge

8