CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR - 8 2007
JOHN F. CORCORAN, CLERK
BY: M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAY WASHINGTON, ) | |
|     Petitioner, ) | Civil Action No. 7:06cv00116 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, ) | By: Hon. Jackson L. Kiser |
|     Respondent. ) | Senior United States District Judge |

    This matter is before the court upon petitioner Ray Washington's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On February 22, 2007, this court entered an order granting respondent's motion to dismiss, thereby dismissing all claims raised in Washington's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2241. Presenting the same arguments he put forth in his original petition, petitioner now seeks to have this court vacate that order, "immediately grant" the previously dismissed petition, and order petitioner's release. Upon review of the present motion, I conclude that it must be dismissed.

    Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." Rouse v. Nielsen, 851 F.Supp. 717, 734 (D.S.C. 1994) quoting Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991).

    Here, petitioner does not argue either that an intervening change in the law has occurred or

that previously unavailable evidence has now become available. Rather, he simply restates his original claims in this motion. Accordingly, this motion "is no more than an expression of a view of the law contrary to that set forth in the Court's opinion. Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879 (E.D. Va. 1977). Washington has offered nothing here to demonstrate that this court's opinion was not factually supported or legally justified given the facts as presented in his petition, respondent's motion to dismiss, and his response in opposition to the motion to dismiss. While Washington may disagree with the outcome of his case, such disagreement does not support a Rule 59(e) motion. See, Hutchinson, 994 F.2d at 1082. Accordingly, I find that there is no basis upon which to alter or amend the order dismissing his § 2241 petition and will thus deny this motion.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendants.

ENTER: This 8th day of March, 2007.

Senior United States District Judge